IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ZACHARY DARNELL TAYLOR,                                CV 07-540-MA

        Petitioner,                            OPINION AND ORDER

  v.

CHARLES DANIELS,
Warden, FCI-Sheridan,

        Respondent.


    ZACHARY DARNELL TAYLOR
    Federal Register Number 16608-001
    Federal Correctional Institution
    PO Box 5000
    Portland, OR  97378-5000

        Petitioner, *Pro Se*

    KARIN J. IMMERGUT
    United States Attorney
    SCOTT ERIK ASPHAUG
    Assistant United States Attorney
    United States Attorney's Office
    District of Oregon
    1000 SW Third Avenue, Suite 600
    Portland, OR  97204-2902

        Attorneys for Respondent

MARSH, Judge:

    Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP), currently housed at the Federal Correctional Institution (FCI) Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241, challenging the execution of his

1- OPINION AND ORDER

sentence.

## BACKGROUND

Petitioner was arrested by the Anchorage, Alaska Police Department on January 5, 2003 for Robbery in the Second Degree and an outstanding federal warrant. Resp. Ex. 2. Petitioner remained in state custody on a federal detainer until pleading guilty in the United States District Court for the District of Alaska on April 9, 2003 to one count of Distribution of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On July 1, 2003 Petitioner was sentenced to 92 months imprisonment. The federal judgment was silent as to whether Petitioner's sentence was to run concurrent or consecutive to any other sentence.

On July 18, 2003, Petitioner pleaded guilty in the Superior Court for the State of Alaska to Theft in the Second Degree in violation of Alaska Statute (AS) 11.46.130(a)(3). He was sentenced to 18 months imprisonment, concurrent to his federal sentence. Petitioner remained in state custody until January 4, 2004, when he was remanded to the custody of the United States Marshal Service to begin serving his federal sentence.

In March 2005 Petitioner submitted an "Inmate Request to Staff" form, asking Respondent to recompute Petitioner's projected release date, which was then set at September 8, 2010. Petitioner stated on this form that he believed the computation

2- OPINION AND ORDER

did not account for the 54 days per year of good conduct time he was entitled to.  It is not clear from the record what action Respondent took on this request.  However, on January 11, 2006, Petitioner submitted another "Inmate Request to Staff" form, this time requesting that he be given "790 jail credit days."  He stated on this form that because his state sentence was concurrent to his federal sentence, he believed his total term should be computed as 7 years, 8 months.  On January 16, 2006, Respondent noted on Petitioner's request form that he would forward Petitioner's inquiry to the federal sentencing court for clarification.  The record does not contain Respondent's correspondence with the sentencing court.  However, based on the sentencing court's reply, it appears Respondent inquired whether the sentencing court meant for Petitioner's sentence to run concurrent or consecutive to his state sentence, in order to determine whether Petitioner should receive credit toward his federal sentence for his time in state custody.

On June 1, 2007, Chief Judge John W. Sedwick of the United States District Court for the District of Alaska, wrote to Respondent, "You need not afford me a chance to address this matter further.  I will not object to either a concurrent term or a consecutive term resolution of the issue."  Accordingly, on June 26, 2007 the Chief of the Designation and Computation Center granted a *Nunc Pro Tunc* request, adjusting Petitioner's start

3- OPINION AND ORDER

date from January 4, 2004 (the date he entered federal custody) to July 1, 2003 (the date he received his federal sentence), and recomputed his projected release date as March 5, 2010.

## DISCUSSION

In his habeas corpus petition to this Court, Petitioner advances two arguments, both of which appear to be based on the claim that Respondent is violating Petitioner's due process rights by depriving him of time credit.  First, on the habeas corpus petition form provided to prisoners Petitioner states that Respondent is violating his due process rights by depriving him of 18 months of good time credit for time served in state prison. Petitioner appears to have mistakenly interchanged the length of his state sentence, which was 18 months, with the credit petitioned for, as his requested relief is for this Court to "recompute and adjust jail credit from January 1, 2003," which would only amount to 6 months of credit.

Second, Petitioner argues in his attached memorandum, which is labeled "Petition for Writ of Habeas Corpus," that Respondent is violating his due process rights by misinterpreting 18 U.S.C. § 3624(b), which Petitioner claims entitles him to have his federal sentence run concurrently with his state sentence.  In fact, 18 U.S.C. § 3624(b)[1] sets out a prisoner's entitlement to

---

[1] The relevant portion of 18 U.S.C. § 3624(b) states:

4- OPINION AND ORDER

"good time" credit. Since petitioner also argues that 18 U.S.C. § 3621(b) entitles him to 54 days of good time credit for every year of his sentence it appears he meant to reference 18 U.S.C. § 3624(b) as authority for his good time credit argument, and that the reference to Section 3621, which addresses how the BOP designates the place of imprisonment, was a mistake.

Respondent contends this Court should deny the writ because Petitioner has not exhausted his administrative remedies, as

---

(1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

(2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

5- OPINION AND ORDER

required by 42 U.S.C. § 1997e(a)[2] and 28 C.F.R. §§ 542.10-19[3]. A review of the computerized records maintained by the Federal Bureau of Prisons reveals that Petitioner has not filed any administrative appeal on this issue. Resp. Ex. 1. Respondent further contends that even if this Court were to review the merits of Petitioner's claim, the writ should be denied because Petitioner was properly credited for his time in state custody beginning on the day he was sentenced to federal imprisonment, and not for the prior six months he was in custody for which he received "credit for time served" on his state sentence. See 18 U.S.C. § 3585(b)[4].

Since I concur with Respondent that Petitioner has failed to exhaust his administrative remedies I decline to review the merits of his claims. I note, however, that Petitioner's argument that the BOP's interpretation of the federal good time

---

[2] "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

[3] These sections set out the BOP's Administrative Remedy Program policies.

[4] "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."

6- OPINION AND ORDER

statute, 18 U.S.C. § 3624(b), erroneously reduces the amount of good time credit available to a prisoner from 54 days to 47 days per year, was rejected in *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1270 (9th Cir. 2001), and again in *Mujahid v. Daniels*, 413 F. 3d 991 (9th Cir. 2005).

## CONCLUSION

Based on the foregoing, the petition for writ of habeas corpus (#2) is DENIED, without prejudice.

IT IS SO ORDERED.

DATED this _25 day of January, 2008.

          /s/   Malcolm F. Marsh
         Malcolm F. Marsh
         United States District Judge

7- OPINION AND ORDER